**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cr-30027-SMY** |
| | ) | |
| **WEN ZE LIANG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

**YANDLE, Chief District Judge:**

Pending before the Court is Defendant Wen Ze Liang's Motion for Review of Magistrate Judge Beatty's Denial of Release Pending Trial (Doc. 42), which the Government opposes (Doc. 43). For the following reasons, the Motion is **DENIED**.

## Background

On February 7, 2026, Defendant was arrested and charged via complaint with one count of wire fraud in violation of 18 U.S.C. 1343 (Doc. 1). On March 3, 2026, a grand jury returned an indictment against Defendant on one count of wire fraud and one count of conspiracy to commit wire fraud (Doc. 28). Defendant appeared before Magistrate Judge Mark A. Beatty for a detention hearing on February 25, 2026, and an Order of Detention was entered on February 27, 2026 (Doc. 27). Judge Beatty found that the Government had met its burden to show Defendant was "a serious risk of flight and there were no set of conditions this Court could impose to reasonably assure his appearance in court." *Id.* Defendant now moves for de novo review of Judge Beatty's detention order pursuant to 18 U.S.C. § 3145(b) (Doc. 42).

**Discussion**

Under 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." When considering a motion under § 3145(b), the Court conducts a *de novo* review and need not defer to the magistrate judge's findings. *See United States v. Portes,* 786 F.2d 758, 761 (7th Cir. 1985). A district court's review of a magistrate judge's detention order may be conducted either by reviewing the transcript of the testimony heard by the magistrate judge or by holding a new hearing. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991).

Under the Bail Reform Act of 1984, a defendant shall not be detained pretrial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e); *see United States v. Portes*, 786 F.2d 758, 765 (7th Cir.1985). The Government has the burden of proving that the defendant is either a flight risk or a danger to the community. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). In determining whether the Government has carried its burden, the Court shall consider: (1) the nature and circumstances of the offense (including whether the offense is a crime of violence or involves narcotics); (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including family and community ties, employment, financial resources, past conduct, criminal history, whether person was on parole or probation at time of offense); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. § 3142(g).

Here, Defendant asserts that the Pretrial Services report recommended detaining him primarily because he is a Chinese national, but argues his sporadic work history and rent receipts

weigh against any perceived flight risk. Defendant argues further that his mother, a U.S. citizen who resides in San Francisco, could serve as a third-party custodian and ensure his appearance in court. In response, the Government argues that the sophisticated and manipulative nature of the offense, the weight of evidence suggesting Defendant was involved in several similar scams targeting victims in multiple states, Defendant's ready access to large sums of cash, and Defendant's strong family ties and recent lengthy visits to China all support detention.

Based on an independent review of the record, the Court concludes the Government has met its burden in proving that no condition or combination of conditions could ensure Defendant's appearance in Court. Although his mother's presence shows Defendant has some familial ties to California, Defendant's wife and father still reside in China, where Defendant has made multiple months-long trips in the past few years. Further, Defendant's limited income and sporadic work history support, rather than mitigate, his potential flight risk, as it suggests he does not rely on his California income to support himself. Even accepting Defendant's asserted ties to California, he appears to have no ties to this district other than his alleged participation in the wire fraud scam.

Defendant does not challenge Judge Beatty's findings as to danger to the community, and the Court concludes the Government has met its burden proving no conditions or combination of conditions could ensure the safety of the community. The Court concludes that the specific nature of the alleged offense, which involves a coordinated scheme between multiple co-conspirators that targeted victims remotely over the internet, indicates that residing with a third-party custodian would not adequately ensure the safety of other potential victims.

**Conclusion**

Upon careful review of the record, the Court concludes there are no conditions or combination of conditions that would reasonably assure Defendant's appearance in court proceedings and the safety of the community. Accordingly, Defendant's Motion for Review of Magistrate Judge Beatty's Denial of Release Pending Trial (Doc. 42) is DENIED. Judge Beatty's Detention Order (Doc. 17) remains in full force and effect.

**IT IS SO ORDERED.**

**DATED: September 28, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**